[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Patrick J. Emmett has appealed his conviction for violating Section 12-5.4 of the Hamilton County Zoning Resolution by parking a "junk vehicle" on certain property. His sole assignment of error alleges that the trial court erred in denying his Crim.R. 29(A) motion for acquittal.
The state had the burden to prove that Emmett was the "owner, tenant, or occupant * * * or other who participates in" the use of the land. See Section 24-2 of the Hamilton County Zoning Resolution; State v. Echols
(Dec. 10, 1993), 11th Dist. No. 89-G-1544. The only evidence as to the ownership of the property was the testimony of the Hamilton County zoning inspector who issued the citation. The inspector stated that he had examined tax records to determine that Emmett was the owner of the property. Emmett objected to the inspector's testimony on the basis that it was inadmissible hearsay. The trial court overruled Emmett's objection. No documentary evidence was presented to establish the ownership of the property.
The inspector's testimony was clearly hearsay. See Oakwood v.Shackelford (Jan. 30, 1986), 8th Dist. No. 50062. Neither the public-records hearsay exception set forth in Evid.R. 803(8) nor the Evid.R. 803(14) exception for the records of documents establishing an interest in property applies in this case. As the Shackelford court pointed out, those exceptions allow certain documents to be admitted as proof of their contents. See id. Evid.R. 803 does not establish a hearsay exception for a statement by a witness that such a document exists and testimony about its contents. See id. Cincinnati v. Klatch (May 19, 1975), 1st Dist. No. C-74340, is distinguishable because Klatch did not object to the hearsay testimony or dispute that he owned the property in question.
The records themselves should have been introduced to prove that Emmett owned the property. The inspector's testimony was insufficient to establish the property's ownership. The assignment of error is sustained.
Therefore, the judgment of the trial court is reversed, and appellant Patrick J. Emmett is discharged. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.